Dear Mr. Newport:
Reference is made to your request for the opinion of this office regarding whether the Office of Financial Institutions ("OFI") may lawfully issue charters and licenses, in accordance with OFI's statutory authority, to those who owe outstanding obligations to the state or its political subdivisions. According to your letter, the application process presently utilized by OFI does not take into consideration the possibility that such applicants may owe obligations to the state. Furthermore, you advise that even if OFI's application process did take this into consideration, there appears to be no legal authority to refuse the issuance of a charter or license.
Specifically, you have requested our opinion as to whether OFI may disapprove an application for a charter or license on the basis that the applicant has outstanding and unpaid balances owed to the state.
This office did not attempt the mammoth task of determining and reviewing each and every statute pertaining to any and all obligations a person or business may owe to the State of Louisiana. However, our review of Louisiana's statutes pertaining to OFI revealed no provision of law which specifically addresses the issue presented.
It is pertinent though, that the broad discretionary powers granted OFI through its Commissioner, with regard to financial institutions, appear to include such a determination within the powers and duties of that office. For example, LSA-R.S. 6:121 (A) states, in applicable part, as follows:
 "The commissioner shall have in addition to those powers specifically enumerated in this Title any power necessary and appropriate to perform his duties under this Title as well as any power necessary and appropriate to prevent or terminate any condition which he may reasonably deem to create an emergency relative to a particular financial institution or financial institutions in general. Such power may include, but shall not be limited to, the granting of temporary lending authority to a financial institution, taking into account that institution's current net operating income and whether it has such negative undivided profits that might render the bank unable to make a loan . . . or to make a purchase or sell . . . . In granting such temporary lending authority, the amount of which shall be at the discretion of the commissioner, the commissioner shall be guided by safety and soundness of the financial institution."
The generalized approach taken in this language implies nothing contrary to a broadened view of the Commissioner's discretionary power in these matters. The only direction given to the Commissioner by the statute is that of "safety and soundness of the financial institution" involved. Id.
In our opinion, should the Commissioner decide to consider the outstanding obligations owed to the state by the applicants he regulates, he should enact and promulgate rules and regulations pursuant to the Administrative Procedures Act. In this regard, we note that the Commissioner is given this authority, in accordance with R.S. 6:121, "as may be necessary or appropriate to implement the provisions of this Title".
It is our further opinion that the Commissioner of OFI can consider the obligations owed to the state by persons and entities it regulates in all instances where: (a) his statutory authority is broad enough to allow for such consideration, (b) OFI has the authority to adopt rules or regulations under the Administrative Procedures Act, and (c) where OFI adopts rules or regulations in accordance with the Administrative Procedures Act.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General